IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**ANTHONY DESHAWN LANGHORN**                                **PLAINTIFF**

V.                    NO. 2:25-cv-00039-KGB-ERE

**JORDAN GILEAN,** *et al.*                                 **DEFENDANTS**

**ORDER**

*Pro se* plaintiff Anthony Deshawn Langhorn, an inmate at the Arkansas County Detention Center ("Detention Center"), has filed a complaint under 42 U.S.C. § 1983. *Doc. 2*. This Order identifies multiple problems with Mr. Langhorn's complaint. Rather than formally screen his complaint at this time, the Court will give him an opportunity to file an amended complaint correcting those problems.[1]

**I.    Background**

Mr. Langhorn's complaint alleges that: (1) on August 17, 2025, other inmates attacked him; (2) Detention Center officers improperly disciplined him for protecting himself from the inmate attack in violation of his equal protection rights;

---

[1] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

(3) on another date, another inmate attacked him; (4) unidentified Detention Center officers have denied him access to yard call; and (5) Defendant Jordan Gilean has continually harassed him. Mr. Langhorn sues Jailer/Officer Jordan Gilean, Lieutenant Jermiah Odell, Jail Administrator Tyran McCraic, and Jailer/Officer Ricky Smith in both their individual and official capacities seeking money damages.

## II. Problems with Complaint

### A. Personal Involvement

Mr. Langhorn's complaint fails to allege facts to show how each individual Defendant personally participated in unconstitutional conduct or was directly responsible for a constitutional violation. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007). Accordingly, as stated, Mr. Langhorn's complaint fails to state a plausible constitutional claim against any Defendant.[2]

---

[2] To the extent that Mr. Langhorn seeks to hold any supervisor individually liable for the actions of their subordinates, such a claim would not survive screening. Under the law, any individual's supervisory role does not make him or her legally responsible for the unconstitutional conduct of the employees that he or she supervises. See *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (explaining that, because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Saylor v. Nebraska*, 812 F3.3d 637, 644-45 (8th Cir. 2016) (because a supervisor cannot be held vicariously liable for the constitutional violations of a subordinate, prisoner must "show that the supervisor personally participated in or had direct responsibility for the alleged violations" or "that the supervisor actually knew of,

B.  **Unrelated Claims**

Mr. Langhorn's complaint includes various claims arising at different time periods and involving different Defendants during his incarceration at the Detention Center. Mr. Langhorn may not pursue multiple claims that are factually and legally unrelated in a single lawsuit. See FED. R. CIV. P. 20(a)(2) (multiple defendants may be joined in one lawsuit only if the claims against them arise "out of the same transaction, occurrence, or series of transactions or occurrences," and involve "any question of law or fact common to all defendants"). Instead, Mr. Langhorn must choose which *related* claims he wishes to pursue in this case. He is free to pursue unrelated claims by filing one or more new lawsuits.

C.  **Failure to Protect**

Mr. Langhorn's complaint alleges that he was the victim of two inmate attacks on two different dates. To state a plausible claim that any Defendant violated his constitutional right to protection, Mr. Langhorn must allege facts, if taken as true, are sufficient to support an inference that: (1) objectively, he was incarcerated under conditions posing a substantial risk of serious harm; and (2) subjectively, Defendants

---

and was deliberately indifferent to or tacitly authorized, the unconstitutional acts"); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison in insufficient to establish the personal involvement required to support [§ 1983] liability").

were "deliberately indifferent" to that risk. *Schoelch v. Mitchell*, 625 F.3d 1041, 1046 (8th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)).[3]

Mr. Langhorn's complaint fails to include any facts to support an inference that any Defendant was: (1) aware of any risk specifically posed by the inmates involved in the inmate attacks at issue; (2) aware of any general conditions creating a substantial risk of serious harm that Mr. Langhorn would be attacked; or (3) that any Defendant did anything or failed to do anything that could be construed as deliberately ignoring a risk to Mr. Langhorn's safety.

As a result, in its current form, Mr. Langhorn's complaint fails to state a plausible failure to protect claim against any Defendant.

### D. Equal Protection

Mr. Langhorn's allegations do not involve the violation of a fundamental right or membership in a protected class. As a result, to state a plausible equal protection claim, he must allege facts which, accepted as true, support a reasonable inference

---

[3] "The second requirement is a subjective test; a defendant must be 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.* (quoting *Farmer*, 511 U.S. at 837). Deliberate indifference describes a state of mind "akin to criminal recklessness." *Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021) (quoting *Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir. 2009)). "This onerous standard requires a showing 'more than negligence, more even than gross negligence,' but less than 'purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate[.]'" *Thompson v. King*, 730 F.3d 742, 747 (8th Cir. 2013) (quoting *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008) (first quote) and *Schaub v. VonWald*, 638 F.3d 905, 914–15 (8th Cir. 2011) (second quote)).

that "similarly situated inmates were treated differently and that this difference in treatment bore no rational relationship to any legitimate penal interest." *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (citing *Timm v. Gunter*, 917 F.2d 1093, 1103 (8th Cir. 1990)); see also *Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003) (stating that absent assertion of membership in a protected class or violation of a fundamental right, an inmate must show that similarly situated inmates received different treatment and that the difference in treatment had no rational relation to any legitimate penal interest).

Mr. Langhorn's complaint fails to include any facts suggesting that any Defendant treated him differently than any other similarly situated inmate. His speculative, conclusory, and unsubstantiated allegations against Defendants are insufficient to state a plausible equal protection claim. See *Ashcroft*, 556 U.S. at 678 (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and, instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face").

**E.   Yard Call**

Mr. Langhorn's complaint alleges that unidentified Detention Center officers denied him the opportunity to engage in yard call for an unspecified amount of time. To state an Eighth Amendment unconstitutional conditions of confinement claim

based on the denial of yard call, Mr. Langhorn must allege facts suggesting that Defendants were deliberately indifferent to a serious health and safety need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).[4]

The Eighth Circuit has previously held that the denial of yard call "for a short period, *per se*, is *not* a constitutional violation." *Knight v. Armontrout*, 878 F.2d 1093, 1096 (8th Cir. 1989) (holding that the lack of outside recreation for thirteen days was not a constitution violation). Two examples where courts have found the time period insufficient to establish a constitutional violation include: (1) denial of yard call for three months; and (2) only allowing an inmate outdoor exercise ten times in a five-month period. See *Rahman X. v. Morgan*, 300 F.3d 970, 974 (8th Cir. 2002) and *Dillard v. White*, 26 F.3d 126 (8th Cir. 1994).

Mr. Langhorn's complaint fails to include any facts regarding his bare allegation that Detention Center officers denied him yard call. As a result, as stated, Mr. Langhorn has failed to sufficiently allege that either he suffered an "extreme deprivation" necessary to support his Eighth Amendment claim or that any Defendant was deliberately indifferent to his need for yard call.

---

[4] For a plaintiff to prevail on a deliberate indifference claim at trial, he must show that Defendants: (1) engaged in conduct must objectively rise to the level of a constitutional violation . . . by depriving him of the 'minimal civilized measure of life's necessities," *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (citing *Rhodes v. Chapman*, 452 U.S. 337, 342 (1981)); and (2) Defendants must have been deliberately indifferent to "an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 834.

F.     **Harassment**

Mr. Langhorn alleges that Defendant Gilean verbally threatened him on multiple occasions. Such conduct does not give rise to a constitutional claim. See *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985) ("Verbal threats do not constitute a constitutional violation"). Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials did not rise to the level of a constitutional violation).

G.     **Official Capacity Claims**

Mr. Langhorn sues Defendants in both their individual and official capacities. *Doc. 2 at 2*. Mr. Langhorn's official capacity claims against Defendants are treated as claims against Arkansas County. See *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010); *Jenkins v. Cnty. of Hennepin, Minn.*, 557 F.3d 628, 631-32 (8th Cir. 2009). In a § 1983 action, a county cannot be held vicariously liable for the actions of its employees. See *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 692-93 (1978); *Parrish*, 594 F.3d at 997. Rather, a county can be held liable only if an official county policy or widespread custom was the "moving force" behind the alleged

7

constitutional violation. See *Luckert v. Dodge Cnty.*, 684 F.3d 808, 820 (8th Cir. 2012); *Jenkins*, 557 F.3d at 633.

Mr. Langhorn's complaint fails to allege that he suffered any constitutional injury as the result of an Arkansas County custom or policy. As a result, Mr. Langhorn has failed to state a plausible constitutional claim for relief against Defendants in their official capacities.

### III.     Guidelines for Filing Amended Complaint

Mr. Langhorn has thirty days to file an amended complaint. If filed, the amended complaint should: (1) include only related claims; (2) identify and name as Defendants the individuals who allegedly violated his constitutional rights; (3) explain how each Defendant personally violated his constitutional rights; and (4) describe how he was harmed or injured as a result of each Defendant's alleged unconstitutional conduct.

Mr. Langhorn's amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Mr. Langhorn should make sure that his amended complaint includes all allegations relevant to the claim(s) he wants to pursue in this lawsuit. Also, Mr. Langhorn should not rely upon, or incorporate by

reference, any allegations made in the original complaint. In other words, Mr. Langhorn's amended complaint, if filed, will stand alone.

Finally, in the amended complaint, Mr. Langhorn need only include a "short and plain statement" showing that she is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this early stage, there is no need to identify witnesses or to describe evidence that Mr. Langhorn may rely on later to prove the claims raised in this lawsuit.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1.  Mr. Langhorn may file an amended complaint within thirty (30) days of the entry of this Order.

2.  If Mr. Langhorn fails to file an amended complaint, the Court will screen the original complaint, which is likely to result in the dismissal of claims.

3.  The Clerk is instructed to provide Mr. Langhorn a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order.

SO ORDERED 26 February 2025.

_____
UNITED STATES MAGISTRATE JUDGE

9