# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**ANTHONY DESHAWN LANGHORN**                                                        **PLAINTIFF**

V.                              NO. 2:25-cv-00039-KGB-ERE

**JORDAN GILEAN,** *et al.*                                                          **DEFENDANTS**

## ORDER

*Pro se* plaintiff Anthony Deshawn Langhorn, an inmate at the Arkansas County Detention Center ("Detention Center"), filed a complaint under 42 U.S.C. § 1983. *Doc. 2*. Because Mr. Langhorn's original complaint was deficient, the Court provided Mr. Langhorn an opportunity to file an amended complaint. *Doc. 4*. Mr. Langhorn has now filed an amended complaint. *Doc. 5*.

Mr. Langhorn's amended complaint alleges that: (1) on August 17, 2023, Defendant Jordan Gilean failed to protect him from an inmate attack; (2) Defendants Gilean and Tyran McCraic failed to provide him medical treatment following the incident; (3) Defendants Gilean and Jeremiah Odell violated his equal protection rights by disciplining Mr. Langhorn for his participation in the August 17 incident, but failing to discipline the other inmates involved; (4) Defendant Gilean harassed him while he was incarcerated at the Detention Center; (5) Defendant Gilean threated to tase him in retaliation for his use of the grievance procedure; (6) on August 20, 2023, Defendants Gilean and McCraic failed to protect him from another

inmate attack; (7) Defendant McCraic denied Mr. Langhorn the opportunity to file criminal charges against the inmates who attacked him; (8) on October 3, 2023, Defendant McCraic put another inmate in the trustee pod with him after that inmate had been involved with an altercation with another inmate; (9) Defendant Jeremiah Odell defamed him by stating that he started the August 17, 2023 altercation; and (10) Defendants Odell and McCraic were deliberately indifferent to his health by denying him the opportunity to engage in yard call and keeping him on lock down for twenty-four hours each day he was housed in restrictive housing. Mr. Langhorn sues these Defendants in their official capacities only seeking money damages.[1]

For screening purposes, Mr. Langhorn has arguably stated: (1) a failure to protect claim against Defendant Gilian for the August 17 incident; (2) medical deliberate indifference claims against Defendants Gilean and McCraic; (3) equal protection claims against Defendants Gilean and Odell; (4) a retaliation claim against Defendant Gilean; (5) a failure to protect claim against Defendants Gilean and McCraic for the August 20 incident; and (6) a deliberate indifference claim against Defendants Odell and McCraic.[2] Mr. Langhorn may proceed on those claims

---

[1] While Mr. Langhorn's amended complaint indicates that he is suing Defendants in their official capacity only (*Doc. 5 at 2*), in his original complaint, Mr. Langhorn sued Defendants in both their individual and official capacity (*Doc. 2 at 2*). Accordingly, I will treat Mr. Langhorn's claims against Defendants as claims against them in both their individual and official capacities.

[2] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer,

2

against Defendants in their individual capacities. Service is now proper for those claims.

Mr. Langhorn's remaining claims will be addressed in a separate Recommendation.

IT IS THEREFORE ORDERED THAT:

1. The Clerk of Court is directed to prepare summonses for Jordan Gilean, Jeremiah Odell, and Tyran McCraic.

2. The United States Marshal is directed to serve each of these Defendants with a summons and a copy of the complaint and the amended complaint (with any attachments) (*Docs. 2, 5*), without requiring prepayment of fees and costs or security. Service for these Defendants should be attempted through the Arkansas County Detention Center, 1000 Ricebelt Avenue, Dewitt, Arkansas 72042.

3. The Clerk is instructed to terminate Ricky Smith as a party Defendant.[3]

---

or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

[3] Mr. Langhorn abandoned claims against any Defendant named in the original complaint but not named in the amended complaint. The Order directing Mr. Langhorn to file an amended complaint specifically instructed him to identify and name each Defendant who allegedly violated his constitutional rights and describe how each named Defendant personally violated his constitutional rights. *Doc. 4 at 8*.

SO ORDERED 21 March 2025.

_____
UNITED STATES MAGISTRATE JUDGE